IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>-versus- )<br>)<br>JAMES BENJAMIN GOSNELL, JR., )<br>Defendant. )<br>) | CRIMINAL NUMBER: 2:25-mj-00068-MCRI |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF PRETRIAL RELEASE**

This matter is before the Court on the Government's Motion for Pretrial Detention. For the reasons set forth below, Defendant, James B. Gosnell, Jr., by and through his attorney, Lionel S. Lofton respectfully requests this Court release him on bond pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 1342 and *United States v. Salerno*, 481 U.S.739 (1987).

**I. Background**

Mr. Gosnell was arrested on September 16, 2025. The affidavit in support of the arrest warrant identified 18 U.S.C. 2252A(a)(5)(B), possession of child pornography, as the alleged offense. On September 17, 2025, Mr. Gosnell made his initial appearance in this Court. At that time, the government moved for pretrial detention. This matter is before the Court to determine whether any condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

This is not a case where the statute creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e)(3). The Bail Reform Act of 1984 (hereinafter "BRA" or "Act") treats possession of child pornography differently from other sex crimes against children in two important ways: (1) it does not include it in the list of sex crimes against children that triggers a rebuttable presumption of detention[1] and (2) it does not include it in the list of sex crimes against children that mandates imposition of minimal release conditions[2].

## II.     Mr. Gosnell Should Be Released On Bond Pending Trial

Mr. Gosnell should be released on bond pending trial in this case. As Chief Justice Rehnquist stated in *Salerno*, "In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." 481 U.S. at 755. This presumption of release is encapsulated in the BRA, 18 U.S.C. § 3142. Specifically, the statute states that the Court "shall order" pretrial release, § 3142(b), except in certain narrow circumstances. Even if the Court determines under § 3142© that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "reasonably assure" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added).

---

[1] 18 U.S.C. § 3142(e) does not mention § 2252(a)(4) or §2252A(a)(5) as creating a rebuttable presumption of detention. *Id* § 3142(e).

[2] 18 U.S.C. § 3142 ( c) does not mention § 2252(a)(4) or §2252A(a)(5) in the mandatory conditional release provision.

Generally, for pretrial detention to be authorized, "the Government must convince a neutral decision maker by clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person." *US v. Salerno*, 481 U.S. 739, 750, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987); 18 U.S.C. § 3142 (f). In determining whether any condition would reasonably assure the safety of the community the Court must evaluate and weigh each of the four factors set forth in 18 U.S.C. § 3142 (g):

    (1)    The nature and circumstances of the offense charged;

    (2)    The weight of the evidence against the defendant;

    (3)    The history and characteristics of the defendant; and

    (4)    The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

As referenced above the government is seeking detention under 18 U.S.C. § 2252A(a)(5)(B), a possession of child pornography statute. The evidence at best shows that Mr. Gosnell alone, in the privacy of his home, possessed and viewed alleged pornographic pictures. There is absolutely no evidence of any inappropriate contact or interaction with any minor on the part of Mr. Gosnell. At best, the Government has an isolated incident that does not show any patten or propensity on Mr. Gosnell's behalf. Furthermore, Mr. Gosnell has absolutely no criminal history, or alleged inappropriate conduct with minors. He has been a dedicated civil servant (Summary Court Magistrate) for over 28 years and a life long resident of Charleston with strong family ties to the community. Moreover, since Mr. Gosnell's arrest, all firearms have been removed from his home and his passport surrendered to his attorney.

### III. <u>Conclusion</u>

In this case the government cannot meet its high burden of proving by clear and convincing evidence that there are no release conditions that will reasonably assure the safety of the community. The government also cannot prove by a preponderance of the evidence that there are no conditions that would reasonably assure Mr. Gosnell's appearance in court. Thus, Mr. Gosnell cannot be detained.

Any number of conditions identified in § 3142(c)(1)(B), along with any other conditions the Court deems necessary, will reasonably assure Mr. Gosnell's appearance in court and the safety of the community. Therefore, Mr. Gosnell should be released.

Respectfully submitted,

LOFTON & LOFTON, PC

BY:   s/Lionel S. Lofton
      LIONEL S. LOFTON, #2711
      V. LYNN LOFTON, #8059
      225 Seven Farms Drive, Suite 109
      Charleston, SC  29492
      (843) 722-6319 Office
      (843) 722-6372 Facsimile
      Lofton@loftonandlofton.com

Charleston, South Carolina

September 21, 2025